IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM R. SHIELDS, ) | |
|        Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.   1:05cv362-A |
| ) | |
| ) | (WO) |
| WASHINGTON NATIONAL INS. CO., ) | |
| et al., ) | |
|        Defendants. ) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This cause is before the court on a Motion to Remand, filed by the Plaintiff, William R. Shields ("Shields"). Shields originally filed a Complaint in this case in the Circuit Court of Geneva County, Alabama. Shields is a resident of Alabama. He brings claims against Washington National Insurance Company; Conseco Services, LLC; and Trustmark National Bank, each of which is a non-resident Defendant. Shields also brings claims against Bill C. Hughes ("Hughes") who is a citizen of Alabama.

The Defendants previously removed the case to this court on the basis of diversity jurisdiction, arguing that the non-resident Defendant had been fraudulently joined. This court granted the Plaintiff's Motion to Remand. Upon remand to state court, the deposition of the Plaintiff was taken by the Defendants. Based on that deposition, the Defendants filed a new notice of removal in this court.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

**II. REMAND STANDARD**

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (1994); Wymbs v. Republican State Executive Committee, 719 F.2d 1072, 1076 (11th Cir. 1983), cert. denied, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. See Burns, 31 F.3d at 1095.

### III.  FACTS

The facts pertinent to the Motion to Remand are as follows:

In September of 1993, Shields purchased a health insurance policy from the Defendants. He testified in his deposition that he went to Hughes requesting a group policy and was given information on the policy he ultimately purchased from Hughes. Shields alleges in the Complaint that it was his understanding that the premiums charged to him were the same as premiums charged to the group. Shields states in his deposition that he asked Hughes and the Department of Insurance about payment of his premiums. Shields alleges in the Complaint that it was not until May 2003 that he learned that the Defendants were calculating premium increases based on factors other than bona fide group claims experience.

### IV.  DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. See 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on

the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met.  Id.  The filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is called a "fraudulent joinder."  Courts may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity.  See Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir. 1979)[1]; see also Thomas v. Jim Walter Homes, Inc., 918 F. Supp. 1498 (M.D. Ala. 1996). In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff.  See  Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). In fact, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

In this case, the Defendants contend that Hughes has been fraudulently joined because Shields himself does not contend that Hughes defrauded him, and because the claims against him are barred by the statute of limitations, so that there is no possibility Shields could establish a cause of action against the resident defendant in state court.  See Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998).

Before the court addresses these arguments directly, there is an initial inquiry which must be made in the context of this second removal.  Section "1447(d) not only forecloses appellate review, but also bars reconsideration . . . by the district court [of its own remand order]."  Harris v. Blue Cross/Blue Shield, 951 F.2d 325, 330 (11th Cir.1992).  A court may not reconsider a prior remand order because of additional evidence, such as deposition testimony, which only

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

adds evidentiary support to the previously submitted argument. TKI, Inc. v. Nichols Research Corp.,191 F. Supp. 2d 1307, 1312 (M.D. Ala. 2002).  Instead, there must be a new factual basis on which to determine the diversity jurisdiction issue.  Id. at 1313.

In this case, the Defendants have argued that Shields' deposition undercuts the allegations of his Complaint, and that it substantiates a different theory of a statute of limitations bar.  This court concludes, therefore, that it is within its authority to consider the re-removed case.

Another preliminary issue raised in this case by Shields is his argument that the second removal of the case was untimely.  The Defendants have taken the position, consistent with a previous decision of this court, that the deposition of Shields constitutes "other paper" for purposes of the timing of the removal under 28 U.S.C. § 1446 (b).  See Mallard v. Prudential Ins. Co. of America, No. 95-A-908-N, 1996 WL 170126 (M.D. Ala. March 29, 1996). This court again concludes that a deposition can, and in this case does, constitute "other paper" so that the second removal is timely.

The court now turns to the jurisdictional inquiry raised by the second removal of this case to federal court.  The Defendants have argued, based on Shields' deposition, that he is not contending that Hughes made any misrepresentation to him.  The Defendants have cited to Shields' deposition wherein he answered "no," when asked whether he contends that Hughes made any false statements and whether he contends that Hughes concealed information.  Shields Dep. at page 86.  When asked what it was that he contends Hughes did wrong, Shields answered, "I'll leave that up to my attorneys."  Id. at page 87.  The Defendants state that Shields is not

merely stating that he lacked knowledge of Hughes' actions, but that he does not contend that Hughes did anything wrong.

Shields took the position in his deposition that identifying any wrongful actions on Hughes' part was up to his attorneys. Shields has not taken the position in his deposition or in his filings with the court that he does not intend to pursue a claim against Hughes. In fact, to show that Shields does not intend to collect a judgment from Hughes requires more than his statement that he does not contend Hughes made a false statement or concealed information. In Parks v. New York Times, 308 F.2d 474, 478 (5th Cir. 1962), the court explained that

> there can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no intention to get a joint judgment, and that there was no colorable ground for so claiming.

Id. Shields' negative response to questions of whether he "contends" that Hughes made false statements or concealed information, when viewed in light of his answer that the nature of Hughes' wrongdoing is to be identified by his attorneys, does not preclude him from proceeding on a claim for innocent fraud. In his brief, Shields argues that he can establish an innocent fraud claim based on his deposition testimony that Hughes gave him the brochure for the policy he purchased from Hughes after having been told that Shields wanted to purchase a group policy.

The Defendants' response is that Hughes has not alleged a claim for innocent fraud in his Complaint. The Defendants point to precedent in which a plaintiff was not allowed to recover for innocent fraud where the plaintiff alleged willful or reckless fraud. See, e.g., Garrett v. Key Ford, Inc., 456 So. 2d 77, 79 (Ala. 1984). The Defendants state that it is the law in Alabama that

where a complaint alleges only willful and reckless fraud, a plaintiff cannot recover for innocent fraud.

In this case, however, Shields pled not only willful and reckless fraud, but also alternatively pled negligent fraud.  See Complaint at Count I.  Shields takes the position in brief that any difference between innocent and negligent misrepresentation, if there is a difference, would not preclude him from recovery on a negligent misrepresentation claim.

"Under Alabama law, the elements of a claim of negligent misrepresentation are: (1) a misrepresentation (2) concerning a material fact (3) justifiably relied on by the plaintiff (4) and loss or damages proximately caused by such misrepresentation." Industrial Partners, Ltd. v. CSX Transp., Inc., 974 F.2d 153, 157 (11th Cir. 1992).  In stating the elements of a negligent misrepresentation claim under Alabama law, the Eleventh Circuit cited to an Alabama Supreme Court decision which listed the elements of an innocent misrepresentation claim. Id. (citing Resolution Trust Corp. v. Mooney, 592 So.2d 186, 188 n. 2 (Ala.1991)).  It is at least arguable, therefore, that an allegation of negligent fraud is sufficient to assert a claim of innocent fraud. See Cabalceta, 883 F.2d at 1561 ("the district court should resolve all questions . . . controlling law in favor of the plaintiff").  Therefore, the court finds the Defendants' argument that there is no possibility that a state court could find that Shields has stated a claim for innocent fraud to be unavailing.

The Defendants also have argued based on Shields' deposition testimony that Shields cannot establish a claim of innocent fraud.  The Defendants state that Shields admitted in his deposition that he does not contend that Hughes made any false statements or concealed information from him.

Shields argues in response that he has stated a claim for innocent fraud in that he made a specific request for a group policy to Hughes, that Hughes sold him the policy, that he bought the policy because he thought it was a group policy, and that he has suffered damages because the policy was not a group policy. He points to his deposition testimony that when he went to Hughes he was "being specific that we wanted to be in a group policy," and that Hughes gave him the brochure of the policy he ultimately purchased from Hughes. Shields Dep. at page 42.

In Dodd v. Nelda Stephenson Chevrolet, Inc., 626 So.2d 1288, 1292 (Ala. 1993), questions of fact existed with regard to an innocent fraud claim based on an implied representation. The court held that it was reasonably inferable from the undisputed facts and circumstances of the sale in that case that when a purchaser of a vehicle visited the dealership, he was looking for a "new" vehicle and that the dealership impliedly represented that it was selling him one. Id. While Dodd involved the sale of a new automobile so that the present case is distinct factually, resolving all questions of law in favor of Shields, see Cabalceta, 883 F.2d at 1561, the court cannot conclude that there is no possibility that a state court would find that the facts of this case, in which Shields stated that he wanted a group policy and Hughes responded with a brochure and sold him a policy, establish a claim of innocent fraud.

The Defendants also argue that Shields' fraud claim is barred by the statute of limitations. To the extent that arguments have been raised in the new notice of removal and brief regarding the tolling of the statute of limitations which were previously addressed in connection with the first removal and motion to remand, those grounds for removal do not provide a basis for jurisdiction in this court. TKI, Inc., 191 F. Supp. 2d at 1312 (citing Seedman v. United States

District Court For the Central District of California, 837 F.2d 413, 414 (9th Cir.1988)).[2]  The Defendants have advanced an argument which was not made in opposition to the motion to remand earlier filed in this case, however, and which is based on Shields' deposition.  The Defendants contend that the statute of limitations began running in this case when Shields asked Hughes and the Department of Insurance about the insurance premiums.

The Defendants have attached an unpublished opinion to the Second Notice of Removal which they contend is relevant to this inquiry.  In a case from the Circuit Court of Jefferson County Alabama, Vaughn v. Washington National Insurance Company, No. CV 03-2597 JSV, Slip Op (Cir. Ct. Jan. 24, 2005), the statute of limitations was said to run from the time that a plaintiff contacted Washington National and the Alabama Department of Insurance about premium increases and actually filed a formal complaint with the Department of Insurance stating that the rates were fraudulent.  Here, Shields testified that he contacted Hughes and the Department of Insurance to see if he could get some help in paying his premiums. Shields Dep. at page 62: 10-13.  Shields did not testify that he made an inquiry about the amount of premiums payments, but instead referenced a possible monthly payment plan. Id. at page 62:19-20. Therefore, the Defendants' argument does not establish that there is no possibility that a state court would find that the inquiry Shields made was not sufficient to trigger the running of the statute of limitations.[3]

---

[2] As the court pointed out earlier, in support of his argument for the tolling of the statute of limitations Shields has alleged that although his premiums increased, he had no reason to suspect that the increase was not based on the "group claims experience." Complaint at ¶ 30. He has also alleged that the documents provided to him by the Defendants indicated that premium increases were based on group loss history. Id.

[3] Because there is a possibility that one claim can be established against Hughes, it is unnecessary to address the arguments regarding other claims asserted by Shields against Hughes.

## V. CONCLUSION

Having concluded that there is a possibility that Shields could establish a cause of action against Hughes, the resident defendant, in state court, the court finds that Hughes has not been fraudulently joined and that diversity jurisdiction does not exist. The Motion to Remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 28th day of June, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE